I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-22-11

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 22 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KWANG-WEI HAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LONG BEACH, et al., <br><br> Defendants. | Case No. CV 10-5040-SJO (MLG) <br><br> MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT AS TO KMART DEFENDANTS WITH LEAVE TO AMEND |

## I.   Factual and Procedural History

On August 8, 2010, Plaintiff Kang-Wei Han filed this pro se civil rights complaint, which names as defendants the City of Long Beach; Long Beach Police Officers Mark R. Brunson and B. Murphy; the Kmart Corporation; and Kmart manager Lucy Meno.

The allegations of the complaint are as follows: On June 27, 2009, Plaintiff, a physically handicapped man who requires crutches in order to walk, was sleeping in his 1994 Chevy Astro van, which was parked in a Kmart parking lot in Long Beach, California. At about 4:30 a.m., he was dragged from the rear door of his van and dumped onto the ground by Officers Brunson and Murphy. Plaintiff was propped

up against a wall outside of the Kmart by the police officers when they learned that he could not walk without crutches. Plaintiff was later arrested by the defendant police officers for trespass of private property pursuant to a private citizen's arrest report signed by defendant Lucy Meno. The Long Beach City Attorney's Office filed a misdemeanor complaint against Plaintiff for trespass. The charges were subsequently dropped.

On May 6, 2011, Defendants Kmart Corporation and Lucy Meno (collectively, the "Kmart Defendants") filed a motion to dismiss the complaint. Plaintiff filed his opposition on June 3, 2011. On June 7, 2011, Defendants filed a reply. The matter is now ready for decision.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between

possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

The Court in *Twombly* explained that a complaint is read in conjunction with Federal Rule of Civil Procedure 8(a)(2) which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 556 n.3. While Rule 8 does not require "detailed factual allegations," it nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "allegations in a complaint or counterclaim must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it. [Also], the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

In considering Defendants' motion to dismiss, the Court must accept all factual allegations of the complaint as true and construe those facts, as well as the inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citations omitted). However, the liberal construction doctrine "applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). The Court need not accept as true unreasonable inferences or conclusory

legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

## III. Discussion

In their motion to dismiss, the Kmart Defendants contend that Plaintiff has failed to state a claim upon which relief may be granted because the complaint does not include any allegations as to how the Kmart Defendants are liable to Plaintiff. Rather, the complaint briefly references the Kmart Defendants mainly for purposes of describing the circumstances surrounding Plaintiff's arrest and alleged assault by the Long Beach Police Department. The first reference to the Kmart Defendants is in Plaintiff's allegation that the defendant police officers "dragged [Plaintiff] about 20 feet to the bottom of the wall of the outside of the building that houses the Kmart store." (Compl. ¶ 4.) The second reference states merely that the Long Beach City Attorney's Office filed a complaint against Plaintiff for trespassing "via a private citizen's arrest order signed by an employee of Kmart." (Compl. ¶ 5.) Aside from these two brief references, the complaint fails to provide any factual or legal basis for any cause of action against the Kmart Defendants. This is clearly insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Iqbal* 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570; *Starr*, 633 F.3d at 1204. Nor does Plaintiff provide any more specific factual allegations regarding the Kmart Defendants in his opposition to the motion to dismiss, but rather merely reiterates the statements made in the complaint. (*See* Pl.'s Opp. at 3-4.)

//

In addition, to the extent that Plaintiff is bringing this claim under 42 U.S.C. § 1983, he has failed to explain how the Kmart Defendants can be deemed to be state actors or deemed to have been acting under color of state law. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988) (holding that a plaintiff must allege that he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and that the deprivation was caused by a person while acting under color of law). Although Plaintiff alleges that Defendant Meno signed a citizen's arrest warrant against him, merely complaining to the police does not convert a private party into a state actor. *See Rivera v. Green*, 775 F.2d 1381, 1382-84 (9th Cir. 1985). Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action. *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989); *see also Peng v. Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) (holding that a single request to the police to perform their peacekeeping responsibilities was insufficient to establish joint action for purposes of section 1983); *Hodges v. Holiday Inn Select*, 2008 WL 1945532, *10 (E.D.Cal. 2008) ("The fact that a private party complains to the police, files a complaint with the police, executes a sworn affidavit that forms the basis of an arrest, or asks that an individual be arrested, does not convert the private party's acts into state actions.").

//
//
//
//

## III. Conclusion

For the reasons stated above, the Kmart Defendants' motion to dismiss is granted and the complaint is dismissed as to them with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

Plaintiff shall have 14 days to file a first amended complaint alleging viable claims against the Kmart defendants. If he does not do so, the complaint will be dismissed with prejudice with respect to Defendants Kmart Corporation and Lucy Meno. If Plaintiff files a first amended complaint, the Court will screen the amended in the context of the current motion to dismiss in order to determine whether it states a plausible claim for relief.

Dated: June 21, 2011

Marc L. Goldman
United States Magistrate Judge